**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 3:24-cr-0024 |
| ) | |
| **JACQUES DAVID,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**BEFORE THE COURT** is Defendant Jacques David's ("David") Motion to Continue Trial Date—Unopposed. (ECF No. 21.) For the reasons stated herein, the Court will continue the trial in this matter until April 14, 2025. The Court finds that the time beginning from the date of this Order through April 14, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated.

On September 18, 2024, the Government filed a Criminal Complaint charging David with assaulting certain officers or employees in violation of 18 U.S.C. § 111(a)(1) and (b) and damages of Government property in violation of 18 U.S.C. § 1361. On October 23, 2024, a grand jury Indictment charged David with Assaulting, Resisting or Impeding Certain Officers or Employees in violation of 18 U.S.C. §§ 111(a)(1) and 111(b) and Willfully Injuring or Committing Any Depredation Against Property of the United States in violation of 18 U.S.C. § 1361. David was arraigned on November 6, 2024.

David seeks a continuance of trial date, December 23, 2024, because he needs additional time to discuss the case with his attorney and continue discussions with the Government regarding an alternate resolution to the case, which requires more investigation. David filed an application and checklist for speedy trial extension, waiving his right to speedy trial up to and including May 1, 2025. (ECF No. 25.)

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on

> the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Stallings*, 701 F. App'x 164, 170 (3d Cir. 2017) (noting that "an 'ends of justice' continuance may be granted . . . to allow new counsel sufficient time to prepare his case").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweigh the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow sufficient time for David to discuss his case with his counsel and continue discussions with the Government regarding an alternate resolution of the case. The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through April 14, 2025, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that David's Motion to Continue Trial Date—Unopposed, ECF No. 21, is **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file their respective notices of readiness for trial no later than April 4, 2025; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than April 4, 2025, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; (e) proposed non-standard jury instructions related to the elements of the charges and defenses; and (f) whether there are any discovery issues outstanding; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 9, 2025;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for December 23, 2024, are **CONTINUED** to commence promptly at 9:00 A.M. on April 14, 2025, in St. Thomas Courtroom 1.

**Dated:** December 16, 2024                    */s/ Robert A. Molloy*
                                                                    **ROBERT A. MOLLOY**
                                                                    **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.